# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0261V
UNPUBLISHED

| | |
|---|---|
| HELENA MCGAUGHEY,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: December 20, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu); Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA). |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Terrence Kevin Mangan, Jr.*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON DAMAGES[1]

On January 7, 2021, Helena McGaughey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she received an influenza ("flu") vaccination on October 3, 2019, and thereafter suffered a right-sided shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 7, 2022, a ruling on entitlement was issued, finding that Petitioner was entitled to compensation for a Table SIRVA. On December 20, 2022, Respondent filed a proffer on award of compensation, which indicates Petitioner's agreement to the

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

amount(s) therein. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award a lump sum payment of $52,500.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                          **s/Brian H. Corcoran**
                                          Brian H. Corcoran
                                          Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| HELENA MCGAUGHEY,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 21-261V<br>Chief Special Master Corcoran<br>ECF |

## PROFFER ON AWARD OF COMPENSATION[1]

### I.　　Procedural History

On January 7, 2021, Helena McGaughey ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. She alleges that, as a result of receiving the influenza vaccine on October 3, 2019, she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"). *See* Petition. On December 6, 2022, respondent filed his Vaccine Rule 4(c) report conceding this SIRVA Table case. On December 7, 2022, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA Table injury.

### II.　　Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$52,500.00,** for all damages. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

### III. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: A lump sum payment of **$52,500.00**, in the form of a check payable to petitioner.[2]  Petitioner agrees.

           Respectfully submitted,

           BRIAN M. BOYNTON
           Principal Deputy Assistant Attorney General

           C. SALVATORE D'ALESSIO
           Director
           Torts Branch, Civil Division

           HEATHER L. PEARLMAN
           Deputy Director
           Torts Branch, Civil Division

           DARRYL R. WISHARD
           Assistant Director
           Torts Branch, Civil Division

           <u>/s/ Terrence K. Mangan, Jr.</u>
           TERRENCE K. MANGAN, JR.
           Trial Attorney
           Torts Branch, Civil Division
           U.S. Department of Justice
           P.O. Box 146
           Benjamin Franklin Station
           Washington, D.C. 20044-0146
           Phone: (202) 532-5875
           Email: terrence.mangan@usdoj.gov

Dated:  <u>December 20, 2022</u>

---

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.